UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA CLAIR, BONNIE MCDONALD, and MILEY-ISABELLA OIEN on behalf of themselves and those similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>PETER THOMAS ROTH, LLC; PETER THOMAS ROTH GLOBAL, LLC; PETER THOMAS ROTH LABS LLC, JUNE JACOBS LABS, LLC; JUNE JACOBS LABORATORIES, LLC; PETER THOMAS ROTH; SEPHORA USA, INC.,<br><br>　　　　　　　Defendants. | Case No. 1:20-cv-01220-PKC<br><br>**STIPULATED PROTECTIVE ORDER** |

1. **PURPOSES AND LIMITATIONS**

　　Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Paragraph 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Judge Castel's Individual Practices (5(B)) and the documents referenced therein set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.  **DEFINITIONS**

    2.1  Action: This pending federal lawsuit, *Clair et. al. v. Peter Thomas Roth Labs LLC et. al.*, United States District Court, Southern District of New York, 1:20-cv-01220-PKC.

    2.2  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.4  Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

    2.5  Designating Party: a Party or Non-Party that designates information or items produced in disclosures or in responses to discovery, or testimony at a deposition, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY."

    2.6  Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to, answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

    2.7  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.8  HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY Information or Items: especially sensitive CONFIDENTIAL information that is designated as "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" by a Producing Party based on a good faith belief that the information or documents are either (i) protected by the attorney-client, attorney work product immunity, or other applicable privilege related to any underlying claims asserted in the case but have

nonetheless been produced voluntarily, (ii) contain trade secrets or other commercially sensitive information, (iii) contain highly sensitive financial information whose public disclosure would create a clearly defined and very serious injury, or (iv) contain confidential, proprietary, or commercially or personally sensitive information that, if disclosed to the other party or to a non-party would create a substantial risk of serious harm to the Producing Party that could not be avoided by less restrictive means and that, if not disclosed to the other party (but rather only to its counsel) would not prejudice that party's ability to prosecute or defend against the claims alleged in this action.

2.9 In-House Counsel: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated and/or associated with a law firm which has appeared on behalf of that party, and their support staff.

2.12 Party: any party to this Action, including all of its officers, directors, employees, Experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, organizing, storing, or retrieving data in any form or medium) to a Party and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

      2.17    Review Period: a period of thirty (30) days, commencing from the latest day copies of Disclosure or Discovery Material from a Non-Party are received by counsel for all Parties, during which such Disclosure or Discovery Material from a Non-Party shall be treated as CONFIDENTIAL while the Parties review the Disclosure or Discovery Material for the purpose of making CONFIDENTIAL designations, pursuant to Paragraph 5.3 below.

**3.**    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial will be governed by a separate agreement or order to be prepared by the Parties for submission to the Court for approval prior to the final pre-trial conference.

**4.**    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. For a period of six (6) months after final disposition of this litigation, this Court will retain jurisdiction to enforce the terms of this Order.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     *Exercise of Restraint and Care in Designating Material for Protection*.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only material, documents, items, or oral or written communications that qualify.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     *Manner and Timing of Designations*.  Except as otherwise provided in this Order (*see, e.g.,* Paragraphs 5.2(b) and 5.4 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) *For information in documentary form* (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" to each document that contains protected material or to the cover page of bound or grouped material.

(b) *For testimony given in deposition or in other pretrial or trial proceedings*, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or within thirty (30) days of receipt of the deposition transcript from the court reporter ("30-day period") all protected testimony, Disclosure or Discovery Material.  The entire deposition transcript will be considered by the Parties as "CONFIDENTIAL" during the 30-day period.  After the 30-day period, if no Party has designated some or all of that deposition transcript as

5

"CONFIDENTIAL" under this Protective Order, the entire deposition, or those portions of the deposition not designated as confidential, will no longer be considered confidential.

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY." For any information transmitted by electronic means, the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" shall appear on the subject of the electronic mail, or on the title of the digital document or documents or other media through which they are conveyed.

5.3   <u>Designation of Documentary Material Produced by a Non-Party</u>.  A copy of this Order shall be served with subpoenas issued in this Action after the Protective Order is entered. Unless the Parties have agreed in writing that particular Disclosure or Discovery Material, or categories thereof, produced by a Non-Party are not CONFIDENTIAL, Disclosure or Discovery Material produced by a Non-Party shall be treated as CONFIDENTIAL during the Review Period. Any Party may, within the Review Period, designate Disclosure or Discovery Material produced by a Non-Party as CONFIDENTIAL pursuant to this Order. At the conclusion of the Review Period, any portion of the Disclosure or Discovery Material from a Non-Party that is not designated CONFIDENTIAL by a Party or by the Non-Party shall not be subject to the protections of this Order, except pursuant to Paragraph 5.4 below or subsequent agreement of the Parties.

5.4   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Form of Challenges.  Any Party may dispute any other Party's designation of any Discovery Material as Protected Material by serving a written notice of objection ("Notice of Objection") to such designation upon the Designating Party, with copies to every other Party.  The Notice of Objection shall specify the material or information (including an identification of each document or group of documents by Bates number) that the objecting Party (the "Challenging Party") believes is not properly designated and, for each document for which the designation is challenged, shall set forth the reasons why the designation is improper and should be removed.

6.3     Meet and Confer.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) business days of the date of service of the Notice of Objection.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.4     Judicial Intervention.  If the Meet and Confer does not resolve the Parties' dispute as to the at-issue designations, the challenge may be submitted to the Court via a letter pursuant to Rule 3(B) of the Individual Practices of Judge P. Kevin Castel.  The burden of persuasion in any challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has expressly waived the confidentiality designation or until the court has ruled on the disputed at-issue designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, unless otherwise ordered by a court or permitted in writing by the Designating Party.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following individuals under the following conditions:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees or contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the Parties and the directors, officers, and employees (including In-House Counsel) who are assisting with or making decisions concerning this Action, only to the extent deemed reasonably necessary by the Receiving Party's Outside Counsel of Record for the purpose of assisting in the prosecution or defense of the Action for use in accordance with this Protective Order and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) any deponent may be shown or examined on any information, document or thing designated "CONFIDENTIAL" if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, was employed by the Producing Party at the time the document was created, is an Expert (as defined in this Order) of the Producing Party, or if the Producing Party consents to such disclosure, provided that any deponent who is not employed by the Producing Party shall be first required to sign the Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any other person as to whom the Designating Party has consented to disclosure in advance;

(h) such other persons as may be ordered by the Court; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by Parties engaged in settlement discussions.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" only to the following individuals under the following conditions:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees or contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    experts or consultants retained by the Receiving Party (including their employees, associates and support staff) to whom disclosure is reasonably necessary for this Litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)    the author or recipient of a document containing the information;

9

(d) an Expert (as defined in this Order) of the Producing Party may be shown or examined on any information, document or thing designated "HIGHLY CONFIDENTIAL/ATTORNEYS EYES ONLY" during his or her deposition;

(e) the Court and its personnel as well as court reporters and the staff of court reporting services;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by Parties engaged in settlement discussions; and

(h) such other persons as the Parties may agree in writing and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 8. PROTECTED MATERIAL SUBPOENAED, REQUESTED, OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena, discovery request, or a court order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL," the Receiving Party must:

(a) promptly notify in writing the Designating Party (by fax and email, if possible). Such notification must include a copy of the subpoena, request, or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena, request, or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena, request, or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena, request, or order

issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking production in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

Nothing herein shall prevent a Designating Party from producing Protected Material (information it has designated as "CONFIDENTIAL" in this action) in other matters.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party

(2) promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before determination

11

by the Court.[1]  Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.  All disclosure and discovery disputes are subject to the undersigned's Standing Order Regarding Civil Discovery Disputes.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and identify the recipients of the Protected Material, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.  The terms of this paragraph apply where the Designating Party timely corrects a designation pursuant to paragraph 5.4.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

If a Disclosing Party discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture, in this or any

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

other action, of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

A Disclosing Party must promptly notify the Receiving Party, in writing, that it has disclosed Protected Information without intending a waiver by the disclosure and explain, in writing, why the Protected Information is privileged. Upon notification, the Receiving Party must, unless it contests the claim of attorney-client privilege or work product protection, promptly: (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically-stored information, delete) the Protected Information and any reasonably accessible copies it has; and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information.

If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Parties shall confer in a good faith attempt to resolve the dispute without judicial intervention. If the meet-and-confer does not resolve the Parties' dispute as to whether the information is privileged or protected, either Party shall, within five (5) business days of the meet-and-confer, submit the dispute to the Court by letter pursuant to Rule 3(B) of the Individual Practices of Judge P. Kevin Castel. Pending resolution of the dispute regarding Protected Information, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with copies of filings regarding the privilege dispute.

The Disclosing Party retains the burden of establishing the privileged or protected nature of the Protected Information. Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

This Stipulated Protective Order constitutes the entry of an order pursuant to FRE 502(e) and is intended to be enforceable to the fullest extent that the Rules provide. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

13

12. **MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 No Modification of Privileges. Nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other confidential research, development or commercial information to the extent such privilege exists under applicable law.

12.4 Filing Protected Material. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

If a Party's request to file Protected Material under seal is denied by the Court, then any Party may file the information in the public record p unless otherwise instructed by the Court.

13. **<u>FINAL DISPOSITION</u>**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final disposition of this Action, as defined in paragraph 4, above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4 (DURATION), above.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 25, 2020

*s/Stephen M. Raab*
Stephen M. Raab
**GUTRIDE SAFIER LLP**
113 Cherry Street, #55150
Seattle, WA 98140-2205
Telephone: (415) 639-9090 x109
stephen@gutridesafier.com

*Attorneys for Plaintiffs*

Dated: November 25, 2020

*s/Nicole V. Ozeran\**
Brad M. Scheller
John P. Sefick
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
The Chrysler Center
666 Third Avenue
New York, NY 10017
Tel.:  (212) 935-3000
bmscheller@mintz.com
jpsefick@mintz.com

Daniel J. Herling (*pro hac vice*)
Nicole V. Ozeran (*pro hac vice)*
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel: 415-432-6000
djherling@mintz.com
nvozeran@mintz.com

*Attorneys for Defendants*

*Consented to this filing

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 11/30/2020

_____
P. Kevin Castel
United States District Judge

16

**EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, in the case of *Clair et. al. v. Peter Thomas Roth Labs LLC et. al.*, United States District Court, Southern District of New York, 1:20-cv-01220-PKC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____